Sol Dreyfuss v. Commissioner. Ruth Dreyfuss v. Commissioner.
Dreyfuss v. Commissioner
Docket Nos. 108225, 108226, 111226, 111227.
United States Tax Court
1943 Tax Ct. Memo LEXIS 430; 1 T.C.M. (CCH) 652; T.C.M. (RIA) 43099; February 26, 1943
*430 George S. Atkinson, Esq., Dallas Nat'l Bank Bldg., Dallas, Tex., for the petitioners. Wilford H. Payne, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: The Commissioner determined the following deficiencies in income tax: Docket
No.
Petitioner
Year
Deficiency
108225
Sol Dreyfuss
1938
$ 813.46
111226
Sol Dreyfuss
1939
1,909.17
108226
Ruth Dreyfuss
1938
813.46
111227
Ruth Dreyfuss
1939
1,909.17
The petitioners are husband and wife. They filed separate income tax returns but their income and deductions were apportioned on a community property basis. The deficiencies for each year are identical in amount and the issues raised therein are common to both petitioners. The principal issues are whether or not petitioners are entitled to bad debt deductions for the years 1938 and 1939. A secondary issue in regard to 1939 is whether or not petitioners received taxable income in the amount of the fair market value of a certain oil and gas lease which was assigned to them for services rendered. The facts were established in part by stipulation and in part by oral testimony and documentary exhibits. Findings of Fact Petitioners *431 are husband and wife. They reside at 4216 Versailles Street, Dallas, Texas. Their separate individual returns for the years 1938 and 1939 were filed on a cash receipts and disbursements basis with the collector at Dallas, Texas. All of the income and all of the deductions which petitioners reported on a community property basis arose from the property and assets situated in Texas. The Dallas Athletic Association was a Texas corporation which was dissolved on October 11, 1937. Before dissolution it owned the Dallas Baseball Club, a member of the Texas Baseball League. Petitioners owned as community property 83 percent of the capital stock of that corporation. The Dallas Athletic Association lost money in all years subsequent to 1929 and petitioner, Sol Dreyfuss, had loaned it large sums of money throughout the years 1930-1937, inclusive, for current operating expenses. On May 10, 1930, Sol Dreyfus executed and delivered a guaranty to the Republic National Bank & Trust Company of Dallas, guaranteeing any and all indebtedness or other liability which the Association might then or at any time thereafter owe the bank. On July 16, 1936, petitioner, Sol Dreyfuss, executed another guaranty *432 to the same bank guaranteeing payment of all indebtedness or other liability fixed or contingent which the Association then owed the bank. On December 30, 1937, the president and directors as trustees of the Association, empowered to act as trustees by the judgment of dissolution, adopted a resolution authorizing the conveyance of all of the Association's property and assets to Sol Dreyfuss. They adopted in part the following resolution: NOW, THEREFORE, BE IT RESOLVED, that the President and Secretary of this corporation be, and they are hereby authorized to execute and deliver unto Sol Dreyfuss a conveyance of all property and assets of every kind now or heretofore owned by said corporation or held by its Directors as trustees in consideration of the release by the said Sol Dreyfuss of all indebtedness held by him against said corporation and his agreement and assumption to pay all other indebtedness of every kind whether heretofore guaranteed by him or not. On the date of the resolution and pursuant thereto all of the assets were transferred to Sol Dreyfuss. The assets at that time had a value not in excess of $200,000. The liabilities of the Association immediately before the *433 transfer were as follows: Bank Overdraft
$ 6,200.17
Notes Payable to Republic National
Bank & Trust Co
90,500.00
Due to Fred McJunkin Estate
2,300.00
Due to petitioner, Sol Dreyfuss, for
cash advances
211,750.00
Due to petitioner, Sol Dreyfuss, for
unpaid salaries and interest
22,535.38
Accrued local taxes
5,699.57
Total
$338,985.12
The item of $22,535.38, which was owed to Sol Dreyfuss as salary and interest, had not been reported by petitioners for income tax purposes. The $211,750 consisted of loans made by Sol Dreyfuss to the corporation. Although no promissory notes were given to Sol Dreyfuss, the advances were set up on the corporation's books as notes payable. In the 1937 income tax returns of petitioners they claimed a community bad debt of $34,285.38, the amount of which they arrived at by subtracting $200,000, the assumed fair market value of the assets transferred to Sol Dreyfuss, from the total indebtedness which the corporation owed to him. In 1938 all of the assets were sold for $140,000. In their 1938 income tax returns petitioners claimed a community short term capital loss of $60,000. There were no short term capital gains reported in that return. *434 On October 14, 1938, Sol. Dreyfuss paid to the Republic National Bank & Trust Company the sum of $50,000 to apply on a total of $90,500 worth of notes which he had previously guaranteed. On or about October 14, 1938, Sol Dreyfuss paid the amount of $14,199.74 to cover other debts of the Association. The total of these amounts was charged off on petitioners' books and records in the year 1938 as bad debts and were deducted in their separate 1938 individual income tax returns. During the calendar year 1939 Sol Dreyfuss paid to the bank the sum of $12,500 to apply on the balance of $40,500 owed to it. The item of $12,500 was charged off on petitioners' books and was claimed as a bad debt deduction in their separate 1939 income tax returns. J. W. Luttes was the owner of certain oil and gas leases in Texas. He desired to borrow $100,000. For this purpose he obtained the assistance of M. E. Florence to help procure the loans. Sol Dreyfuss assisted Florence in procuring the loans. In payment for the services rendered for him, Luttes assigned to Florence an undivided one-half interest in the leases. This assignment was made on July 11, 1936, and provided in part as follows: WHEREAS, said *435 J. W. Luttes has agreed to assign to M. E. Florence of Dallas County, Texas, an undivided one-half (1/2) interest in said leasehold estates and interests subject (sic) to the aforesaid deed of trust and assignment to the Republic National Bank & Trust Company of Dallas with the understanding and agreement that the said assignment of said one-half (1/2) interest shall be effective from and after the expiration of thirty (30) months from the date of said deed of trust and assignment. * * * * *
This assignment is expressly made subject to the above listed oil payments and overriding royalty interests and subject to the deed of trust lien and assignment securing Republic National Bank & Trust Company of Dallas in the payment of the above described note for $65,000.00, * * * * *
3. * * * that the said M. E. Florence shall have no right or interest in such moneys until said loan has been liquidated. 4. From and after the payment of the above described note to the Republic National Bank & Trust Company of Dallas, the said J. W. Luttes and M. E. Florence shall own said leases jointly, and the said M. E. Florence shall be entitled to one-half (1/2) of the proceeds derived from the sale *436 of oil therefrom, and that the said M. E. Florence shall also bear one-half of the expenses of the operation and management of said leases and interests and the costs of production of the oil therefrom. * * * * *
For the assistance of Sol Dreyfuss, Florence assigned one-third of his interest. This assignment was made on July 15, 1936, and was recorded on July 17, 1936. The assignment made by Florence to Sol Dreyfuss provided in part: WHEREAS, the undersigned, M. E. Florence has sold One-third (1/3rd) of all of his right, title and interest in and to the above described interest covering the above described land to Sol Dreyfuss, the same being One-third (1/3rd) of all the interest acquired by the undersigned under and by virtue of that certain assignment dated July 11th, 1936, executed by J. W. Luttes to M. E. Florence, * * * At the time that both of the assignments were made, it was estimated that it would take about 30 months to pay off the indebtedness of $65,000 owed to the bank. During 1936, 1937 and 1938, no income was paid to either Florence or Sol Dreyfuss under the assignments. In January 1939 the Republic National Bank quitclaimed its interest to Florence and income *437 was received by Florence and petitioners under the assignments. In their 1936 returns petitioners reported the amount of $6,747.86 as gross income received as compensation. The amount reported was the figure which the petitioners determined to be the fair market value of the interest in the oil leases conveyed to Sol Dreyfuss.they paid no tax because their deductions exceeded their gross income. Respondent determined that the lease was received as income for services rendered in 1939 and at that time had a fair market value of $9,333.33. Opinion The first issue is whether or not petitioners are entitled to a bad debt deduction for 1938 in the amount of $64,199.74. Of this amount, $50,000 was paid by them to Republic National Bank. The debt upon which this payment was made had been guaranteed by petitioner, Sol Dreyfuss. The balance was paid upon other debts. Petitioners contend that since the amounts were actually paid upon an account which Dreyfuss had guaranteed, they are entitled to a bad debt deduction when they made the payment. They contend that at the same time the payment was made a debt arose which was in fact worthless because the Association no longer had any assets. *438 They charged off the payment made under the guaranty and also the amount paid on other debts and deducted the total amount from their income tax returns in 1938. This contention may be applicable to the money paid to the bank but we do not see how it would apply to other debts which were assumed in 1937. In 1937 all the assets of the Dallas Athletic Association were turned over to petitioner, Sol Dreyfuss, in exchange for his assumption of all outstanding indebtedness and the cancellation of the indebtedness owed to him. The result of such transaction was to make petitioner, Sol Dreyfuss, primarily liable for all the debts which the Association had owed prior to the transfer and to release the Association from any claim for repayment to Dreyfuss for any payments of debts which he should make pursuant to such arrangement. Under the facts, we believe that petitioners are not entitled to such claimed bad debt deduction because the payments, both to the bank and to others, were payments on their own indebtedness. When the assets were transferred to Sol Dreyfuss by the Dallas Athletic Association, he assumed all of the indebtedness owed by the Association as part of the consideration *439 for the transfer. Thereafter, he was primarily liable for the debts. Thus, when he paid the debts, he discharged his own obligations. Petitioners are not entitled to a bad debt deduction for such payments under section 23 (k), Revenue Act of 1938, or section 23 (k), Internal Revenue Code, as amended. The facts as to the $12,500 claimed in their 1939 returns are exactly the same as in regard to the $64,199.74 in 1938. Under the above reasoning, petitioners are not entitled to a bad debt deduction for 1939. The second issue is whether or not petitioners are taxable with the amount of $9,333.33 which they admit is the fair market value of the assignment in 1939. The only question is whether or not the fair market value was properly reported in 1936, in which year petitioners reported it, or in 1939. Respondent has determined that such amount was income in the year 1939. He contends that petitioners did not properly report as gross income in the year 1936 the value of the assignment. He also contends that even if the assignment were properly reported as gross income in the year 1936, the value was erroneous. Petitioners contend that the fair market value was properly reported in 1936. *440 This question involves a construction of the instrument which Luttes executed in conveying an interest in the leases to Florence. That instrument contained the following language: WHEREAS, said J. W. Luttes has agreed to assign to M. E. Florence of Dallas County, Texas, an undivided one-half (1/2) interest in said leasehold estates and interests subject (sic) to the aforesaid deed of trust and assignment to the Republic National Bank & Trust Company of Dallas with the understanding and agreement that the said assignment of said one-half (1/2) interest shall be effective from and after the expiration of thirty (30) months from the date of said deed of trust and assignment. We construe this instrument to mean that Luttes assigned to Florence an undivided one-half interest in the leases to take effect at that time but that payment of the income from such leases was not to be made until the indebtedness of $65,000 had been paid to the bank. This indebtedness was to be paid out of the oil runs. The parties estimated that such payment would take approximately 30 months. We do not deem the 30-month provision to deny in effect that a present assignment had been made. Such provision was *441 merely to make the assignment subject to the deed of trust held by the Republic National Bank. The assignment from Florence to petitioner, Sol Dreyfuss, depended upon the prior assignment which we have held to be a present assignment rather than an agreement to make an assignment in the future. Thus, the assignment to Sol Dreyfuss was also effective upon execution. The fair market value was properly reported in the year 1936. We do not have the year 1936 before us and it does not matter whether or not the petitioners reported the correct fair market value in that year. The facts subsequent to the assignments are unimportant. Respondent had laid great stress upon such subsequent events but we hold that the intent as shown in the instrument is that a present interest was being assigned and that the instrument was not merely an agreement to make an assignment in the future. Petitioners are sustained upon this issue. Decisions will be entered for respondent in Docket Nos. 108225 and 108226. Decisions will be entered under Rule 50 in Docket Nos. 111226 and 111227.